WILLIAM WHITMAN v. STATE OF OHIO.

1. TRANSCRIPT ATTACHED TO PLEA IN BAR NOT PART OF BILL OF EXCEPTIONS, WHEN.

Certified transcripts from the docket of a justice of the peace, attached as exhibits to a plea in bar, for the purpose of showing that the accused had previously been convicted of the same offense, but which are nowhere referred to or made a part of the bill of exceptions, cannot be considered by a reviewing court as a part of the bill itself.

2. PLEA IN BAR MUST BE SUPPORTED BY WHAT EVIDENCE, ETC.

When a plea in bar to a criminal prosecution is offered, it must be supported not only by the record of a former conviction or acquittal of the same offense, but the accused must further prove that he is the same person charged in the record. Such a plea is not supported by merely attaching certified transcripts from the docket of a justice of the peace, showing a former conviction, as an exhibit, when the record fails to show that they were offered in evidence.

3. NO PRESUMPTION THAT TRANSCRIPT ATTACHED TO PLEA IN BAR AS EXHIBITS WERE OFFERED IN EVIDENCE.

There is no presumption that certified transcripts from the docket of a justice of the peace, attached as exhibits to a plea in bar, were offered in evidence in the trial court, where they are not referred to, or made a part of the record.

4. PLEA IN BAR RAISES ISSUE OF FACT, ETC.

A plea in bar presents an issue of fact, and requires evidence to support it, and a finding upon the evidence, all of which must be presented by a bill of exceptions taken as required by law, in order to be reviewed by a court of error.

5. JUDGMENT IN ISSUE PRESENTED BY PLEA IN BAR REVIEWED UNDER LAN. R. L. 10147 (R. S. 6565).

The judgment of a mayor upon the issue presented by a plea in bar, may be reviewed under favor of Lan. R. L. 10147 (R. S. 6565), independent of the other issues in the case, upon a bill of exceptions containing the evidence upon this issue alone.

ERROR to Franklin common pleas court.

E. C. Turner, for plaintiff in error.
C. T. Clark, for defendant in error.

## SULLIVAN, J.

These cases involving substantially the same questions were presented and argued by counsel as one case, and what is said in the opinion disposing of the contention between counsel, applies to both cases. The record shows before proceeding to trial before the mayor, counsel for plaintiff in error, filed a plea in bar in shape of a motion. To this

motion was attached, certified transcripts, from the docket of a justice of the peace, which were referred to in the motion, as certain exhibits claimed by counsel for the accused, as showing that the accused had been charged, tried and convicted of the same offense set forth in the respective affidavits before the mayor.    These several transcripts are attached to the respective bills of exception, but nowhere referred to or made a part of the bill as required by the statute and therefore cannot be considered as constituting a part of the bill itself.   *Lake Erie & W. Ry.* v. *Mackey,* 53 Ohio St. 370 [41 N. E. Rep. 980; 29 L. R. A. 757; 53 Am. St. Rep. 640].

Counsel for the accused contends that because of the fact, as shown by the record, that a plea in bar was filed before the mayor, and that the transcript of the docket of the justice, before whom it was claimed the accused had been tried and convicted for the same offense, was attached thereto as an exhibit that he had done all that was necessary to support the plea, and that upon the mayor overruling his motion or plea in bar as designated by him that when he had his exception noted in the form of a journal entry, that Laning R. L. 10147 (R. S. 6565), had been fully complied with, and, that this court can review that proceeding of the mayor, though the transcripts referred to are not made a part of the general bill.

When a plea in bar is offered, it must be supported not only by the record of a former conviction or an acquittal of the same offense but the accused must further prove that he is the same person charged in the record.    In these cases the act of attaching the transcript to the plea, was not an offering them in evidence.    The record fails to show that they were offered in evidence.    After the mayor overruled the plea in bar, the counsel for the accused excepted generally and then excepted specially because the court overruled the motion before reading the transcript.    This is followed by a statement by counsel for the accused as to what the transcripts contained in bill of exceptions, page 405, but nowhere is it shown by the bill of exceptions that the transcripts were offered in evidence upon plea in bar or for any other purpose and that the mayor passed upon the competency or incompetency of them as evidence and it cannot be assumed that they were offered.    Nowhere in the bill does it appear that the accused offered any testimony to show that he was the identical person stated in the record.    Upon the failure of the accused to present any evidence upon his plea in bar, the court below could not do otherwise than dismiss it, which was accomplished by overruling the motion.

A plea in bar presents an issue of fact, and hence requires evidence,

Whitman v. State.

and a finding, upon the evidence; all of which must be presented by a bill of exceptions, taken as required by statute. So that the judgment upon such issue may, if desired, be reviewed by proceedings in error. Under Lan. R. L. 10147 (R. S. 6565), the judgment of the mayor upon this issue could have been reviewed, independent of other issues in the causes, by proceedings in error, upon a bill containing the evidence upon this issue alone. The record simply shows, that a plea in bar was offered with no testimony offered to support it, and the overruling of the motion, must be assumed to be a judgment adverse to the accused because the plea was not sustained as required by law.

. We therefore find no prejudicial error to plaintiff upon this ground, and none in any of the other several grounds set forth in his petition. It therefore follows that the judgment of the court below must be affirmed at plaintiff's costs.

**Dustin** and **Wilson, JJ.,** concur.